**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-509

STATE OF LOUISIANA

VERSUS

KENNETH SETH THOMAS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 336,230
HONORABLE LOWELL C. HAZEL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and D. Kent Savoie, Judges.

> APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

**Phillip Terrell, Jr.**
**District Attorney – Ninth Judicial District**
**P.O. Box 7358**
**Alexandria, LA  71306-0358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**George Lewis Higgins, III**
**P.O. Box 7730**
**Pineville, LA  71360**
**(337) 473-4250**
**COUNSEL FOR APPELLANT:**
     **Kenneth Seth Thomas**

**CONERY, Judge.**

Defendant, Kenneth Seth Thomas, pled guilty to one count of abuse of office under the provisions of La.R.S. 14:134.3 and was sentenced by Judge Harry Randow on November 26, 2018, to three years in the Louisiana Department of Corrections, subject to work release.

Defendant filed a Motion to Confirm Oral Appeal and a Motion to Reconsider on December 21, 2018. On February 19, 2019, Judge Lowell C. Hazel granted Defendant's Motion to Reconsider and resentenced Defendant to serve three years in the parish jail, subject to work release, with credit for time served. The Defendant filed a second Motion to Confirm Oral Appeal from the February 19, 2019 resentencing. The two appeals were consolidated in this court. Defendant presented two assignments of error. "He contended the trial court erred in imposing an excessive sentence and in failing to provide a sufficient basis and record for appellate review of the sentence for excessiveness." This court affirmed the trial court's sentence of three years without hard labor subject to work release. *State v. Thomas*, 19-97, 19-360 (La.App. 3 Cir. 10/23/19), 282 So.3d 1124, *writ denied*, 20-136 (La. 5/14/20), 296 So.3d 613.

On February 26, 2020, Defendant filed a Motion to Correct Unenforceable Sentence. On June 24, 2020, a hearing was held and a witness, Warden Matthew Dauzat, testified that the work release program for the Parish of Rapides had been disbanded in its entirety. It was explained that the sentence regarding work release could not be fulfilled. After giving reasons, the trial court denied Defendant's Motion to Correct Unenforceable Sentence. The Defendant seeks to appeal the ruling.

On October 27, 2020, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable.

Defendant was given until November 16, 2020, to file a brief. Defendant's brief was timely filed on November 18, 2020.

In his brief, Defendant-Appellant states:

> First and foremost the Louisiana Code of Criminal Procedure Article 912 indicates that any sentence should be addressed on appeal. Additionally, Defendant contends that this matter is not a final sentence until this Honorable Court has addressed this matter on appeal.

> This sentence has not been executed, and it is the very execution of said sentence that defendant addressed in this matter. Numerous Court have urged that a Motion to Correct Illegal Sentence should be addressed by the Appellant [sic] Court via Writ of Certiorari. However, Defendant filed a Motion to Correct Unenforceable Sentence. The legality of this Sentence has been ruled on both by this Honorable Court, as well as the Supreme Court of Louisiana.

> It is also important to note that the Honorable Trial Court granted this appeal after discussion by the Assistant District Attorney and Defense Counsel concerning the proper vehicle to bring this matter to a higher court. This appeal addresses the heart of any sentences [sic] execution and enforceability.

> As the record indicates, long before the Covid-19 crisis, the Rapides Parish Sheriff's Office shut down any parish work release programs for parish prisoners. The United States Supreme Court has long held that a defendant can not [sic] be re-sentenced to a harsher sentence at re-sentencing (*North Carolina v. Pearce*, 89 S.Ct. 2072, 23 L.Ed. 2d 656, Supreme Court of the United States). Our Louisiana Supreme Court has recognized the same principle. (State v. Rutledge, 250 So.2d 734 La 543 (La. 1971 )[)].

> For the defendant, **KENNETH SETH THOMAS**, to now be subjected to a jail sentence with out [sic] work release, is unconstitutional and best addressed by appeal.

Louisiana Code Criminal Procedure Article 912 provides, in pertinent part:

> A. Only a final judgment or ruling is appealable.

> . . . .

> C. The judgments or rulings from which the defendant may appeal include, but are not limited to:

2

1. A judgment which imposes sentence.

The Motion to Correct Unenforceable Sentence stated, "In that, this current pending sentence is unenforceable, defendant, **KENNETH SETH THOMAS**, through Undersigned Counsel hereby request[s] a hearing to determine both the enforceability of the work release provision, as well as what alternative sentence is available to defendant, **KENNETH SETH THOMAS**." The trial judge denied Defendant's motion finding the work release provision was simply a recommendation. The ruling on the Motion to Correct Unenforceable Sentence is not a final judgment or ruling, and it is not one which imposes sentence.

Therefore, the appeal is dismissed. However, Defendant-Appellant, Kenneth Seth Thomas, is hereby permitted thirty (30) days from the date of this decision to file a proper application for supervisory writs, in compliance with Uniform Rules–Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**